IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| **Brenda Hale** <br> **Florence Jackson** <br><br> Plaintiffs' <br><br> v <br><br> **Senior Suites Chicago Midway Village LLC,** <br> **Senior Lifestyle Corporation** <br><br> Defendants' | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case: 1:25-cv-07862 |

### FIRST AMENDED COMPLAINT

### INTRODUCTION

1. This action arises from Defendants' operation of a senior living facility that failed to provide the safe, accessible accommodations promised to elderly and disabled residents. Plaintiffs, two disabled sisters who relied on Defendants' representations of specialized care, were trapped in a malfunctioning elevator for over an hour due to Defendants' negligent maintenance practices and failure to accommodate their disabilities.

2. When Plaintiffs sought basic incident documentation to understand what happened and ensure their safety, Defendants engaged in a pattern of retaliation and stonewalling designed to conceal their violations.

3. This complaint seeks relief under the Americans with Disabilities Act, Fair Housing Act, Illinois Consumer Fraud Act, and state law for Defendants' discriminatory conduct, deceptive marketing practices, and negligent operation of housing facilities marketed specifically to vulnerable elderly and disabled populations.

### JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) based on Plaintiffs' claims under the Americans with Disabilities Act, 42 U.S.C. § 12182 et seq. and the Fair Housing Act, 42 U.S.C. § 3604 et seq.

5. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a) as they are so related to the federal claims that they form part of the same case or controversy.

6. Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this action occurred in this judicial district, including the February 2, 2023 elevator entrapment at 6800 S Keating Ave, Chicago, Illinois.

## PARTIES

7. Plaintiff BRENDA HALE is a 64-year-old woman with Bipolar Manic Disorder who resides at 6800 S Keating Ave, Chicago, Illinois. At all times relevant hereto, Brenda Hale has been under a legal disability.

8. Plaintiff FLORENCE JACKSON is a 77-year-old woman with intellectual disabilities and special cognitive needs who resides at 6800 S Keating Ave, Chicago, Illinois. At all times relevant hereto, Florence Jackson has been under a legal disability.

9. Defendant SENIOR SUITES CHICAGO MIDWAY VILLAGE, LLC is a limited liability company organized and existing under the laws of the State of Illinois, with its principal place of business located at 111 East Wacker Drive, Suite 2200, Chicago, Illinois 60601. Senior Suites Chicago Midway Village, LLC operates as a local subsidiary or operating entity of Senior Lifestyle Corporation and is the direct operator of the senior living facility located at 6800 S Keating Ave, Chicago, Illinois where the incident giving rise to this action occurred.

10. Defendant SENIOR LIFESTYLE CORPORATION is a corporation organized and existing under the laws of the State of Illinois. Senior Lifestyle Corporation is the parent company that owns, operates, and controls Senior Suites Chicago Midway Village, LLC and maintains a portfolio of more than 130 senior living communities nationwide.

11. Senior Lifestyle Corporation sets the corporate policies, operational standards, marketing strategies, and management practices for its subsidiary facilities, including the facility operated by Senior Suites Chicago Midway Village, LLC.

## FACTUAL ALLEGATIONS

12. At all times relevant hereto, Defendants Senior Suites Chicago Midway Village, LLC and Senior Lifestyle Corporation owned, operated, managed, maintained and/or controlled the senior living facility located at 6800 S Keating Ave, Chicago, Illinois (the "Premises"), including the elevators therein.

13. Through coordinated marketing campaigns, standardized materials, and staff assurances, Defendants promoted their facilities as safe, accessible environments tailored to elderly and disabled residents. Senior Lifestyle Corporation's slogan, "We create a better lifestyle for elderly people," and its prominent use of accessibility symbols fostered reasonable expectations among consumers that the Premises would provide reliable care and accommodations for vulnerable populations.

14. In 2023, Plaintiff Brenda Hale sought housing for herself and her intellectually disabled sister, Florence Jackson, who required specialized care and accommodations.

15. During her inquiries, Senior Suites staff assured Ms. Hale that the facility was ideal for elderly and disabled residents, specifically designed to meet their unique needs and ensure safety.

16. Relying on these assurances and Defendants' broader representations, Plaintiffs chose to reside at the Premises with the reasonable expectation that it would provide the safe and accessible accommodations advertised.

17. At all times relevant hereto, Plaintiffs were lawful residents of the Premises and Defendants owed them a heightened duty to maintain the Premises, including the elevators, in a reasonably safe condition suitable for elderly and disabled residents.

18. On or about February 2, 2023, after residing at the facility for only one week, Plaintiffs entered an elevator at their Senior Suite facility and became trapped in a malfunctioning elevator.

19. Defendant Senior Suites Chicago Midway Village, LLC knew the elevator was malfunctioning because their own maintenance staff acknowledged to Plaintiff Brenda Hale that the elevator had experienced prior problems and malfunctions. Despite this knowledge, Defendant Senior Suites Chicago Midway Village, LLC continued to represent that the facility provided safe, reliable accommodations for elderly and disabled residents, including making these false safety representations to Plaintiffs during their move-in process in late January 2023.

20. Defendants knew or should have known that elderly residents with mental disabilities

would be uniquely and severely harmed by being trapped in a malfunctioning elevator, given their heightened vulnerability to confusion, panic, and psychological distress in confined spaces.

21. Despite having actual knowledge of recurring elevator malfunctions, Defendant Senior Suites Chicago Midway Village, LLC continued to engage in deceptive marketing practices by marketing themselves as providing safe, specialized care for elderly and disabled residents while concealing, suppressing, and omitting material facts about known safety hazards that posed unreasonable risks to vulnerable residents.

22. On February 2, 2023, the sisters entered an elevator that suddenly malfunctioned, trapping them inside for over an hour. What should have been a routine trip became a nightmare that revealed the dangerous gap between Defendants' promises and reality.

23. Florence Jackson, with her intellectual disability, found herself completely unable to navigate the emergency communication system. The system lacked visual aids, simplified instructions, or any alternative communication methods that would have been accessible to someone with cognitive disabilities. Despite Defendants' marketing claims about serving disabled residents, no reasonable accommodations had been made for emergencies. Florence Jackson could not understand how to operate the emergency call system or effectively communicate their situation to outside responders, leaving both sisters helplessly trapped.

24. When Brenda Hale pressed the emergency communication system seeking help, she was initially able to connect with someone who told her help was on the way. However, after a significant period of time elapsed with no rescue, she pressed the emergency button twice more but was unable to connect with anyone. Trapped in the confined space and feeling helpless, the stress triggered a severe panic attack in Brenda Hale, causing her to lose consciousness, fall, and injure her knee.

25. When Brenda Hale regained consciousness, she recalls finding herself lying on the elevator floor with a firefighter standing over her and perceived his feet making aggressive contact with her body.

26. She would not have been placed in this vulnerable position but for Defendants' failure to maintain the elevator in a safe and operable condition.

27. Following the February 2, 2023 incident, Brenda Hale wanted and needed an incident report and documentation to advocate on behalf of her disabled sister and herself to

request accommodations and ensure that future elevator malfunctions would not subject herself and other disabled and elderly residents to similar trauma.

28. Ms. Hale wanted this paperwork documenting the incident in order to understand what safety failures had occurred, evaluate whether proper emergency protocols existed for disabled residents, and formally request reasonable accommodations to prevent similar incidents from harming other vulnerable residents.

29. On ten separate occasions over the course of three months following the incident, Brenda Hale requested incident reports, paperwork, or any documentation acknowledging the February 2, 2023 elevator malfunction from facility management, including Nicole, the facility manager, and new management staff who subsequently took over operations.

30. On each occasion, Defendants denied Brenda Hale any paperwork, incident reports, or anything acknowledging the incident had occurred.

31. Defendants' breach of their special duty to elderly and disabled residents directly contributed to the prolonged entrapment and the traumatic events that followed.

32. Defendants' refusal to provide reports interfered with Plaintiffs' right to advocate for ADA accommodations.

33. The statute of limitations for any claims brought on behalf of Plaintiff Florence Jackson is tolled pursuant to 735 ILCS 5/13-211, which provides that if a person entitled to bring an action is under a legal disability at the time the cause of action accrues, the action may be commenced within 2 years after the disability is removed, and as Plaintiff Florence Jackson is cognitively impaired such that she is unable to be "fully able to manage [her] person or estate" within the meaning of 5 ILCS 70/1.06, the statute of limitations remains tolled for all claims brought on her behalf.

## COUNT I: ADA RETALIATION

(42 U.S.C. § 12203)

35. Plaintiffs incorporate by reference all preceding allegations as if fully set forth herein.

36. Plaintiff Brenda Hale engaged in protected activity under the Americans with Disabilities Act by seeking incident documentation to evaluate potential ADA violations and advocate for disability accommodations following the February 2, 2023 elevator malfunction.

37. Defendants Senior Suites Chicago Midway Village LLC and Senior Lifestyle Corporation retaliated against Plaintiff Hale in violation of 42 U.S.C. § 12203 by systematically

denying her ten separate requests for incident reports and documentation over a three-month period.

38. Defendants Senior Suites Chicago Midway Village LLC and Senior Lifestyle Corporation's conduct constituted unlawful discrimination by treating Plaintiff Hale less favorably than residents without disabilities in her requests for information and documentation, denying her the same level of transparency, responsiveness, and access to facility records that would routinely be provided to non-disabled residents making similar requests.

39. Defendants Senior Suites Chicago Midway Village LLC and Senior Lifestyle Corporation refused to provide Plaintiff Hale with the paperwork and documentation necessary to understand the circumstances of the incident and advocate for reasonable accommodations to protect disabled residents from future harm.

40. The information and documentation denied to Plaintiff Hale was essential for her to advocate for and protect herself and other disabled residents from similar safety hazards, and to request reasonable accommodations to prevent future incidents that disproportionately harm individuals with mental and cognitive disabilities. This discriminatory denial of information was specifically intended to interfere with and discourage Plaintiffs from exercising their rights under the ADA and pursuing claims for disability discrimination. As a direct and proximate result of Defendants Senior Suites Chicago Midway Village LLC and Senior Lifestyle Corporation's retaliatory conduct, Plaintiffs suffered damages including denial of their federal civil rights, inability to advocate for necessary accommodations, and continued exposure to unsafe conditions.

## COUNT II: ADA TITLE III - FAILURE TO MAINTAIN ACCESSIBLE FEATURES AND PROVIDE REASONABLE ACCOMMODATIONS
### (28 C.F.R. § 36.105 & 42 U.S.C. § 12182)

41. Plaintiffs incorporate by reference all preceding allegations as if fully set forth herein.

42. At all relevant times, Defendants Senior Suites Chicago Midway Village LLC and Senior Lifestyle Corporation operated a senior living facility that constitutes a "place of public accommodation" within the meaning of 42 U.S.C. § 12181(7)(A), subjecting them to Title III of the Americans with Disabilities Act.

43. Plaintiffs Brenda Hale and Florence Jackson are individuals with disabilities protected

under the ADA, with Plaintiff Brenda Hale having bipolar disorder that substantially limits major life activities and Plaintiff Florence Jackson having an intellectual disability that significantly impairs her cognitive functioning.

44. Upon information and belief, the elevator system at the Premises had a documented history of mechanical failures, malfunctions, and incidents of residents becoming stuck, yet Defendants Senior Suites Chicago Midway Village LLC and Senior Lifestyle Corporation continued operating the defective elevator without adequate repairs.

45. Defendants Senior Suites Chicago Midway Village LLC and Senior Lifestyle Corporation knew or should have known that individuals with mental and intellectual disabilities such as Plaintiffs would suffer uniquely severe harm from being trapped in a malfunctioning elevator due to their heightened vulnerability to panic, confusion, psychological distress, and inability to process emergency situations in confined spaces.

46. Despite this knowledge, Defendants Senior Suites Chicago Midway Village LLC and Senior Lifestyle Corporation failed to maintain the elevator in operable working condition as required by 28 C.F.R. § 36.105, violating their ongoing duty under the ADA to keep accessible features operational for disabled residents.

47. The February 2, 2023 elevator malfunction that trapped Plaintiffs for over an hour was the direct and foreseeable result of Defendants' pattern of deferred maintenance and deliberate indifference to the unique safety needs of mentally and cognitively disabled residents.

48. As a direct result of this ADA violation, Plaintiff Brenda Hale suffered a severe panic attack, loss of consciousness, physical injury, and assault while defenseless, and Plaintiff Florence Jackson experienced severe trauma and ongoing psychological harm requiring medication.

49. The harm suffered by Plaintiffs was not merely incidental to the elevator malfunction, but was the direct and foreseeable consequence of Defendants' discriminatory failure to provide equal protection to residents whose mental and intellectual disabilities made them uniquely vulnerable to the type of emergency that Defendants' negligence created.

50. Defendants Senior Suites Chicago Midway Village LLC and Senior Lifestyle Corporation's subsequent refusal to provide incident documentation necessary for Plaintiffs to understand the safety failures and request reasonable accommodations further violated the ADA by denying disabled residents equal access to information needed to protect themselves from future discrimination.

## COUNT III: VIOLATIONS OF THE FAIR HOUSING ACT - RETALIATION
## (42 U.S.C. § 3617)

51. Plaintiffs incorporate by reference all preceding allegations as if fully set forth herein.

52. At all relevant times, Plaintiffs are individuals with handicaps within the meaning of 42 U.S.C. § 3602(h) residing in a dwelling covered by the Fair Housing Act.

53. Following the February 2, 2023 incident, Plaintiff Brenda Hale engaged in activity protected by the Fair Housing Act by seeking incident documentation necessary to understand safety failures and to advocate for herself and her sister to ensure their safety and comfort as disabled persons living in the facility.

54. The information Plaintiff Hale sought was essential for her to evaluate whether the facility could safely accommodate her bipolar disorder and her sister's intellectual disability, and to request modifications necessary for their continued safe occupancy.

55. Defendants Senior Suites Chicago Midway Village LLC and Senior Lifestyle Corporation systematically refused to provide any incident documentation over ten separate requests, treating Plaintiff Hale's concerns dismissively and failing to take seriously her legitimate safety needs and those of her disabled sister.

56. Upon information and belief, Defendants' refusal to provide information was motivated by their perception that Plaintiff Hale and her sister, due to their disabilities, were not entitled to the same level of accountability and responsiveness, and by their intent to discourage Plaintiffs from advocating for their housing rights.

57. This discriminatory denial of information essential for Plaintiffs to feel safe and comfortable in their housing violated 42 U.S.C. § 3617 by interfering with Plaintiff Hale's exercise of rights protected under the Fair Housing Act.

58. As a direct result, Plaintiffs suffered damages including inability to advocate for necessary safety measures and continued exposure to unsafe housing conditions.

## COUNT IV: VIOLATIONS OF ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
## (815 ILCS 505/2)

59. Plaintiffs incorporate by reference all preceding allegations as if fully set forth herein.

60. At all relevant times, Defendants Senior Suites Chicago Midway Village LLC and Senior Lifestyle Corporation engaged in trade and commerce within the meaning of 815 ILCS

61. 505/2 by advertising, marketing, and providing residential services to Illinois consumers.

61. Defendants violated 815 ILCS 505/2 by making material misrepresentations about the safety and accessibility of their facility while concealing known elevator malfunctions and safety hazards from elderly and disabled consumers.

62. Defendants' marketing materials prominently featured accessibility symbols and promised specialized care for disabled residents, when Defendants knew their elevator system had recurring malfunctions and their emergency systems were inaccessible to cognitively disabled residents.

63. During Brenda Hale's pre-admission inquiries, Senior Suites staff specifically represented that the facility was ideal for elderly and disabled residents, omitting material facts about known safety hazards.

64. Plaintiffs justifiably relied on these misrepresentations and omissions when choosing the facility and paying monthly fees for residential services.

65. As a direct result, Plaintiffs suffered actual damages including physical injury, emotional distress, and economic harm from choosing a facility based on false safety representations.

## COUNT V: NEGLIGENCE

66. Plaintiffs incorporate by reference all preceding allegations as if fully set forth herein.

67. Defendants owed Plaintiffs a duty to exercise reasonable care in maintaining the Premises, including keeping the elevator in safe working condition.

68. This duty was heightened by Defendants' marketing to disabled persons and their knowledge of Florence Jackson's specific vulnerabilities to elevator malfunctions.

69. Defendants breached this duty by failing to properly maintain the elevator despite actual knowledge of recurring malfunctions and by failing to implement adequate emergency response protocols.

70. As a direct result, Plaintiffs suffered damages including physical injury, emotional distress, medical expenses, and loss of enjoyment of life.

## COUNT VI: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

71. Plaintiffs incorporate by reference all preceding allegations as if fully set forth herein.

72. Defendants' conduct in knowingly operating a defective elevator system while housing mentally and cognitively disabled residents was extreme and outrageous.

73. Defendants knew or should have known this conduct would cause severe emotional distress to disabled residents like Plaintiffs.

74. As a direct result, Plaintiffs suffered severe emotional distress, anxiety, nightmares, and ongoing psychological trauma requiring medical treatment.

### COUNT VII: BREACH OF CONTRACT AND IMPLIED WARRANTIES

75. Plaintiffs incorporate by reference all preceding allegations as if fully set forth herein.

76. Defendants entered into housing agreements with Plaintiffs that incorporated promises of safe, accessible accommodations based on their marketing materials and staff representations.

77. These contracts contained implied warranties of habitability and fitness for the particular purpose of housing disabled residents safely.

78. Defendants breached these obligations by failing to maintain essential safety systems and deliver the specialized care that was the basis of Plaintiffs' decision to reside at the facility.

79. As a direct result, Plaintiffs suffered damages including the difference between promised and actual services, pain, and economic losses.

### COUNT VIII: UNJUST ENRICHMENT

80. Plaintiffs incorporate by reference all preceding allegations as if fully set forth herein.

81. Defendants accepted payments for safe, accessible housing services while knowingly operating defective systems that endangered disabled residents.

82. Defendants' retention of these payments was unjust as they failed to deliver the specialized care and safety that was the basis of Plaintiffs' payments.

83. Plaintiffs suffered damages including economic losses and physical harm from Defendants' failure to provide promised safe accommodations.

### PRAYER FOR RELIEF

84. WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendants and award compensatory damages for pain and suffering, emotional distress, medical expenses, and economic losses; punitive damages for Defendants' intentional discrimination and reckless indifference to Plaintiffs' civil rights; attorney's fees and costs; and pre- and post-judgment interest. Plaintiffs further request

such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues.

Dated: August 18, 2025                Respectfully submitted,

/s/ Hakeem Muhammad
Hakeem Muhammad
Muhammad Law Center
10846 South Halsted
Chicago, IL
60628