**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BRENDA HALE and FLORENCE JACKSON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:25-cv-07862 |
| ) | |
| SENIOR SUITES CHICAGO MIDWAY ) | |
| VILLAGE, LLC and SENIOR LIFESTYLE ) | |
| CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS**

Defendant, Senior Suites Chicago Midway Village, LLC ("Senior Suites Chicago"), through its attorneys, files this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for the reasons discussed in its Memorandum of Law in support of same and summarized below:

Plaintiffs filed this lawsuit against the senior housing community ("the Senior Living Facility") in Chicago, where they reside, following an elevator malfunction on February 2, 2023. During the incident, Plaintiff Hale panicked and lost consciousness while waiting to be rescued. This Court should dismiss all eight counts of the Amended Complaint pursuant to Rule 12(b)(6) for the following reasons:

Plaintiffs' claims under the Americans with Disabilities Act ("ADA") (Counts I-II), the Fair Housing Act ("FHA") (Count III), as well as their claims for negligence (Count V) and negligent infliction of emotional distress (Count VI), are all barred by the two-year statute of limitations, which expired prior to the filing of this suit in July 2025. Section 13-211 of the Illinois Rules of Civil Procedure does not apply to the ADA or FHA, such that Plaintiff Hale's claims in

1

Counts I-III are not subject to equitable tolling. Moreover, Plaintiffs do not adequately allege that Plaintiff Hale's cognitive impairment renders her disabled for purposes of Section 13-211.

Likewise, Plaintiffs cannot maintain claims against Defendants under the ADA (Counts I-II) as the Senior Living Facility is not a place of public accommodation or a public entity. Moreover, Plaintiffs have not pled actionable retaliation claims under the ADA or FHA where they did not engage in protected activity and were not subject to adverse action. This Court should also dismiss Plaintiffs' negligent infliction of emotional distress claim (Count V) because, although Plaintiffs were the alleged "victims" of the incident, they did not suffer any contemporaneous physical injury or impact, as required under Illinois law.

Plaintiffs claim brought pursuant to the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") (Count IV) must be dismissed because: (1) Plaintiffs do not have standing as they do not meet the statutory definition of consumers; (2) their allegations do not satisfy Rule 8(a) let alone the heightened pleading requitement of Rule 9(b) to which this claim is subject - - particularly to satisfy the "consumer nexus" test and to describe Defendants' alleged deceptive conduct; (3) Plaintiffs did not sustain actual damages in the form of specific economic injuries, which is the only type of relief available to them under the ICFA; and (4) it is entirely implausible that Defendants' alleged deceptive practices (*e.g.*, misrepresentations about the Senior Living Facility's accessibility) caused their alleged damages.

Finally, Plaintiffs' breach of contract claim (Count VII) does not meet the basic pleading requirements of Rule 8(a), and they cannot maintain an unjust enrichment claim (Count VIII) along with a breach of contract claim where, as here, they are not pled in the alternative.

WHEREFORE, Defendant, Senior Suites Chicago Midway Village, LLC, respectfully requests this Court grant its Motion to Dismiss Plaintiffs' First Amended Complaint and for all other relief this Court deems just and equitable.

          Respectfully submitted,

          **Senior Suites Chicago Midway Village, LLC, Defendant**

          By: /s/ Lisa Handler Ackerman
                  One of its attorneys

Lisa Handler Ackerman
Carly M. Friedman
Wilson Elser Moskowitz Edelman & Dicker LLP
161 N Clark - Suite 4500
Chicago, IL 60601
Phone: (312) 704-0550
Facsimile: (312) 704-1522
lisa.ackerman@wilsonelser.com
carly.friedman@wilsonelser.com

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 11, 2025, I electronically filed the foregoing pleading with the Clerk of the Court using the ECF system which will send notification of such filing by electronic mail to all ECF participants.

By: /s/ Lisa Handler Ackerman